**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| **THOMAS L. STERLING,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | **No.  04 C 2603** |
| **v.** | ) | |
| | ) | |
| **KENNETH APPEL,** | ) | **HONORABLE DAVID H. COAR** |
| | ) | |
| | ) | |
| **Defendant.** | ) | |

**<u>MEMORANDUM OPINION AND ORDER</u>**

Plaintiff Thomas Sterling ("Sterling" or "Plaintiff") applied for disability insurance

benefits ("DIB") and social security insurance ("SSI") from the Social Security Administration

("SSA").  Through the standard SSA administrative processes, Plaintiff was granted SSI but was

denied DIB based upon a disability onset date of October 1, 2002.   Plaintiff brought this

Complaint for Administrative Review of the Action of Appeals Council (Doc. No. 1) against

Social Security Commissioner Kenneth Appel[1] ("Defendant").  Now before this Court are the

cross-motions for summary judgment of the Plaintiff (Doc. No. 9) and Defendant (Doc. No. 10).

For the reasons stated below, Plaintiff's motion is DENIED and Defendant's motion is

GRANTED.

---

[1]This action was originally brought against Kenneth Appel [sic] in his capacity as
Commissioner of Social Security.  However, because that position is no longer held by Mr.
Apfel, the suit will be construed as having been brought against the individual currently serving
in that capacity, Michael J. Astrue.

# 1.    FACTS

Plaintiff worked as a cement finisher and a butcher, which required lifting heavy objects. He stopped working in April of 1997, reporting pain in his neck, back, and shoulders.

On July 27, 2001, Plaintiff applied for DIB, alleging that he was disabled as of April 9, 1997.  After a hearing, and in consideration of an extensive medical history dating to 1991, Administrative Law Judge Michael Bernstein ("ALJ Bernstein") wrote a March 20, 2000 opinion denying DIB.  *See generally* Admin. Record Tr. at 307-13 (hereinafter "Tr.") (citing medical examinations performed in March of 1997, July of 1997, September of 1997, March and April of 1998, and January of 2000).  Based on the absence of any significant debilitation in the submitted reports, ALJ Bernstein found that, "although the claimant has an underlying medically determinable impairment that could reasonably cause the symptoms alleged, the medical evidence does not support these symptoms to the degree alleged by the claimant."  *Id.* at 309.  ALJ Bernstein furthermore found that there were insufficient credibility factors – based upon Plaintiff's testimony and day-to-day activities – to make a case for disability.  As a result, the ALJ found that Plaintiff could perform a limited range of light work in the national economy, that he was not disabled for SSA purposes at any point leading up to the opinion, and that denial of DIB was therefore appropriate.  In January of 2002, a district court reviewed and affirmed the ALJ's decision.  *Id.* at 322-23.

While the above claim was still under consideration, Plaintiff applied for DIB and SSI on November 5, 2001, again alleging an effective date of disability of April 9, 1997.  Plaintiff's claims were denied initially and on reconsideration.  Plaintiff then requested an administrative hearing, which took place on May 21, 2003 before ALJ Peter J. Caras ("ALJ Caras").  Tr. at 297

*et seq.* In support of his claim, Plaintiff submitted medical evidence dating from July 2000 to January 2003. At an administrative hearing on May 21, 2003, Plaintiff had a discussion with his attorney and ALJ Caras. At issue was the October 2002 opinion of treating physician Dr. Russ P. Nockels ("Dr. Nockels"), which stated unequivocally that Plaintiff was "significantly disabled." Tr. at 511. Coming out of this conversation, Plaintiff amended his alleged onset of disability to October 1, 2002. Plaintiff's insured status for DIB purposes expired on December 31, 2001, rendering any disability commencing after that date ineligible for DIB benefits. From the transcript of that hearing, Plaintiff seems to have shown an awareness that the new onset date would permit SSI but preclude DIB.

In an opinion dated August 22, 2003, ALJ Caras found that Plaintiff was disabled as of October 1, 2002, awarding SSI as of that date and denying DIB. The Appeals Council denied Plaintiff's request for a review of this decision. On April 12, 2004, Plaintiff filed the instant action requesting administrative review of the Appeals Council action. In his motion for summary judgment, Plaintiff claims an earlier onset date of March of 1997, and that he is therefore "entitled to not only back benefits, but for Social Security Disability Insurance payments, as he was still insured in March 1997."

## 2.    LEGAL STANDARD

The Agency's final decision is subject to judicial review pursuant to 42 U.S.C. § 405(g), which provides that the findings "as to any fact, if supported by substantial evidence, shall be conclusive." The district court will uphold the ALJ's ultimate decision as long as the ALJ's findings of fact are supported by substantial evidence and there are no errors of law. *Clifford v. Apfel*, 227 F.3d 863, 869 (7th Cir. 2000) (citing *Rohan v. Chater*, 98 F.3d 966, 970 (7th Cir.

1996)).  Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401, 91 S.Ct. 1420, 28 L.Ed.2d 842 (1971).  The district court reviews the entire administrative record, but does not reweigh evidence, resolve conflicts, decide credibility questions, or substitute its own judgment for that of the Commissioner.  *Clifford*, 227 F.3d at 869.  This is a "deferential, but not entirely uncritical" standard of review, because the ALJ's decision will not stand "if it lacks evidentiary support or [contains] an inadequate discussion of the issues." *Golembiewski v. Barnhart*, 322 F.3d 912, 915 (7th Cir. 2003).   This Court may not set aside an inference made by the ALJ simply because we find the opposite conclusion more reasonable or question the factual basis. *Pancake v. AMAX Coal Co.*, 858 F.2d 1250, 1255 (7th Cir.1988).

A party seeking summary judgment has the burden of showing, through "pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any," that there are no genuine issues of material fact that would prevent judgment as a matter of law.  Fed. R. Civ. P. 56(c).  On a motion for summary judgment, courts "must construe all facts in the light most favorable to the non-moving party and draw all reasonable and justifiable inferences in favor of that party."  *Allen v. Cedar Real Estate Group, LLP*, 236 F.3d 374, 380 (7th Cir. 2001).

Even so, the nonmoving party may not rest upon mere allegations in the pleadings or upon conclusory statements in affidavits; rather, she must go beyond the pleadings and support her contentions with proper documentary evidence.  *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986).  In order to successfully oppose a motion for summary judgment, the non-movant must do more than raise a "metaphysical doubt" as to the material facts, *see Wolf v. Northwest*

*Ind. Symphony Soc'y*, 250 F.3d 1136, 1141 (7th Cir. 2001) (citation and quotation omitted), and instead must present definite, competent evidence to rebut the motion, *see Albiero v. City of Kankakee*, 246 F.3d 927, 932 (7th Cir. 2001); Fed. R. Civ. P. 56(c). In ruling on a motion for summary judgment, the Court must decide, based on admissible evidence, whether any material dispute of fact exists that requires a trial. *Waldridge v. Am. Hoechst Corp.*, 24 F.3d 918, 920 (7th Cir. 1994).

Rule 56(c) mandates the entry of summary judgment against a party "who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and in which that party will bear the burden of proof at trial." *Celotex*, 477 U.S. at 322. A non-moving party who bears the burden of proof on a specific issue must demonstrate by specific factual allegations that there is a genuine issue of material fact in dispute. *McMillian v. Svetanoff*, 878 F.2d 186, 188 (7th Cir. 1989). This evidence provided by the non-movant must be sufficient to enable a reasonable jury to find in his or her favor. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986). "[A] complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial." *Celotex*, 477 U.S. at 323.

Mere allegations in the pleadings, unsupported by record evidence, cannot create an issue of fact defeating summary judgment. *Burrell v. City of Mattoon*, 378 F.3d 642 (7th Cir. 2004). The Seventh Circuit has made it clear that "self-serving affidavits, without any factual support in the record, are insufficient to defeat a motion for summary judgment." *Palmer v. Marion County*, 327 F.3d 588 (7th Cir. 2003) (citing *Lujan v. Nat'l Wildlife Fed'n*, 497 U.S. 871, 888, 110 S.Ct. 3177, 111 L.Ed.2d 695 (1990) as stating that "[t]he object of [Rule 56(e) ] is not to replace conclusory allegations of the complaint or answer with conclusory allegations of an

affidavit.").  However, it is possible to rebut a motion for summary judgment with the allegations

of a complaint, but only to the extent that they are based upon the plaintiff's personal experience.

*See Payne v. Pauley*, 337 F.3d 767, 773 (7th Cir. 2003) (requiring that allegations are admissible

at summary judgment under 56(e) so long as they are "based on personal knowledge and [set]

forth specific facts showing that there is a genuine issue for trial").  The fact that those

statements may be "self-serving" is not a valid grounds for deeming them inadmissible.  *See id.*

3.     **ANALYSIS**

Plaintiff asserts that the SSA should have found that the onset of his disability was in

March of 1997, rather than October of 2002.  This is his only challenge against the SSA's

determination.  His basis for this belief is that "the reasons for the disability being the same in

1997 as it was later when the disability was granted should mean that there would be a finding

for the Plaintiff with an onsite [sic] date of March 1997."  Summ. J. Mot. ¶ 4.  This amounts to

an argument that either the ALJ lacked substantial evidence for finding an effective date of

October of 2002, or he made an error of law in making this finding.  *See Clifford*, 227 F.3d at

869.

Social Security Ruling 83-20 controls the determination of the onset date of a disability.

*See Briscoe ex rel. Taylor v. Barnhart*, 425 F.3d 345, 352 (7th Cir. 2005).  The ruling states, in

relevant part:

> Factors relevant to the determination of disability onset include the
> individual's allegation, the work history, and the medical evidence. These
> factors are often evaluated together to arrive at the onset date. However,
> the individual's allegation or the date of work stoppage is significant in
> determining onset only if it is consistent with the severity of the
> condition(s) shown by the medical evidence.

SSR 83-20, 1983 WL 31249, at *1.  It further states that "the medical evidence serves as the primary element in the onset determination."  *Id.* at *2.  However, the date alleged by a claimant is the starting point of the analysis and, so long as it is consistent with the medical and other evidence available, is to be adopted.  *See Lichter v. Bowen*, 814 F.2d 430, 434 (7th Cir. 1987); *see also* SSR 83-20, 1983 WL 31249, at *3.

Defendant has argued that the ALJ ruling in March of 2000 renders any claim of disability prior to that date res judicata.  *See* Def.'s Summ. J. Mem. at 10.  This Court agrees, as ALJ Bernstein's decision that Plaintiff was not effectively disabled as of that date should have settled the issue he now raises.

However, even if Plaintiff could have properly argued for an earlier onset date, he waived any such argument by reasonably and voluntarily amending his claim at the 2003 hearing.  That he would make the decision to amend, and that ALJ Caras should accept it, was completely reasonable – as discussed below, there was simply no evidence supporting earlier disability.  The ALJ made clear what the impact of the amended onset date would be:

> Atty: The theory is that because of what Dr. [Nockels] said that – at the October '02 and the November '02, then he has an impairment within meetings.
>
> ALJ: Now – and I'll tell you what, I can go along with that, but that's after the date last insured.  Now, he is – this is a SSDC filing, which means he must also have an SSI filing, but I would accept that date, October 2, 2002.
>
> Atty: As being disabled?
>
> ALJ: Did you understand what I was saying though?
>
> Atty: Yes sir.  In other words –
>
> ALJ: He'd just be getting – he'd be getting the SSI.
>
> Atty: And wouldn't revert back to –

ALJ:    His date last insured expired, as far as I can tell, December 31, 2001. ...

...

ALJ:    [Summary of the prior, unconvincing medical evidence]  You want to talk to talk to [Plaintiff] for a couple of minutes?

Atty:    Sure.

Tr. at 300-301.  After an off-the record conversation, the ALJ appeared to be satisfied that

Plaintiff was aware of the consequences of amending the onset date and summarized the

situation for all present:

ALJ:    The record can reflect that we've had a discussion of the merits of this case, off the record, and the objective medical evidence of record, and the attorney, his client, have agreed to amend their onset date to October 1, 2002, which would – I would accept as a finding of disability and would thus be a fully favorable decisions, since it would be by agreement of the parties.  And the basis for that proffer and agreement largely is the result of Dr. [Nockels'] report, B-9F-2 and B-9F-1, which are pretty convincing for disability...I find that this evidence is convincing and would support a finding of disability as of the amended onset date of October 1, 2002.  Is that our agreement then, Mr. Comba?

Atty:    Yes, sir.

ALJ:    Is that satisfactory with you, Mr. Sterling?

Pl.:    That's fine.  Thank you.

ALJ:    All right.  Thank you, Mr. Sterling, and hope you appreciate the excellent work that Mr. Comba has done for you in this matter.  You are free to go.

Pl.:    Okay.

Tr. at 301-303.  At no point in those proceedings did the Plaintiff express a lack of

comprehension.  At no point did he complain that his attorney failed to help him to understand it

properly.  And at no point did Plaintiff evidence any cognitive deficiencies that would create

doubts as to his capacity for understanding the impact of the agreed-upon amendment.  By every

indication, Plaintiff simply chose to lower his expectations and pursue the easier claim. As a result, the ALJ was faced with medical evidence that strongly supported an onset date of October 1, 2002, as well as Plaintiff's knowing admission that this was an appropriate effective date for his disability. No reconsideration of medical records prior to the October diagnosis was necessary, for the simple reason that Plaintiff was no longer claiming an earlier onset date.

Even if ALJ Caras had been presented with the merits of Plaintiff's current claim – that there is no distinction between Dr. Nockels' medical analysis in 2002 and earlier examinations – the argument would have failed. The evidence does not support a claim that the evidence of disability supporting an onset date of October, 2002 was indistinguishable from that which was offered in support of earlier onset dates. Every previous doctor found that, while Plaintiff exhibited some debilitating effects as a result of his back pain, he was still qualified to perform a range of light work. *See generally* Tr. at 359-61 (summarizing medical history). In fact, as late as November of 2001 – significantly later than the preliminary ALJ ruling on the issue – a medical diagnosis found Plaintiff still capable of performing some, albeit limited, work. *See* Tr. at 494. Plaintiff's attestations to the contrary do not contradict this clear evidence. That is why, though Plaintiff is not challenging it directly, the initial ALJ finding that he was not sufficiently disabled as of 2000 is simply not challengeable.

In support of his claim, Plaintiff cites only to a single page from his medical history, which describes the results of an MRI scan conducted March 27, 1997. *See* Pl.'s Summ. J. Mot. ¶ 3; Tr. at 114. However, the cited page discusses only Plaintiff's back pain and the fact that there was an objectively determinable medical basis for it. These issues are not in question, however. The only issue, now and at any point in Plaintiff's history with the SSA, has been the

impact of that back pain on his work ability. Therefore, the rationale behind Plaintiff's current claim is not compelling. He states that "the reason for the disability being the same in 1997 as it was later when the disability was granted should mean that there would be a finding for the Plaintiff with an onsite date of March 1997," Pl.'s Summ. J. Mot. ¶ 4, but it is not the disability but rather the impact of the disability with which this Court is concerned. *See, e.g.*, March 30, 2001 Op. at 7, Tr. at 359 ("As the ALJ properly pointed out, the evidence supports the proposition that Plaintiff had severe impairments and pain, but it does not support his claim of disabling pain."). Other than Sterling's own attestation, we see nothing in the record to show that Dr. Nockels' clear statement of Plaintiff's disability in 2002 was echoed in any of the earlier diagnoses.

The evidence supports ALJ Caras' decision not to look further back into Plaintiff's medical history in light of his voluntary amendment of the onset date. Plaintiff has pointed to nothing in the record to undermine the substantial evidence on which the ALJ based his decision that onset took place in 2002; Plaintiff stated in open court that his disability was not effective until that time, there was no indication that he was not sufficiently rational to make such a determination or that he was not fully aware of the consequences of that determination, and the medical evidence adequately supported such a finding. Therefore, there is certainly evidence that "a reasonable mind might accept as adequate" to support an onset date of October 1, 2002. *Richardson*, 402 U.S. at 401. As Plaintiff's insurance expired in December of 2001, there was no basis for awarding him DIB. There is also no basis for extending SSI to an earlier date. Therefore, Plaintiff's claim lacks any factual or legal basis for challenging the SSA's determination.

**4.      CONCLUSION**

For the foregoing reasons, Plaintiff's motion for summary judgment is DENIED and that

of the Defendant is GRANTED.  This case is CLOSED.

Enter:


/s/ David H. Coar
_____
David H. Coar
United States District Judge

Dated: October 17, 2007